PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY COCHRAN, | ) | |
| | ) | CASE NO. 4:20CV1998 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| FCI ELKTON, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 3 and 6] |

*Pro Se* Plaintiff Larry Cochran filed this *Bivens*[1] action against FCI Elkton. In the Complaint (ECF No. 1), Plaintiff contends his incarceration in FCI Elkton and his disciplinary placement in the Special Housing Unit ("SHU") place him in danger of contracting COVID-19. Plaintiff was a federal inmate incarcerated at FCI Elkton when the above-entitled action was filed.[2]

**I. Background**

Plaintiff alleges that FCI Elkton has had a significant number of cases of COVID-19 since March 2020. He further contends that the prison environment is not conducive to social distancing despite efforts at FCI Elkton to prevent the spread of the disease. Plaintiff asserts he suffers from a number of medical conditions that place him at a higher risk of mortality should he contract the virus. At the time he filed the Complaint (ECF No. 1), Plaintiff was housed in the

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] According to the Bureau of Prisons ("BOP") website (https://www.bop.gov/inmateloc/ (last visited December 23, 2020)) and Plaintiff's Address Change Notice (ECF No. 14), Plaintiff is currently housed at FCI Cumberland.

(4:20CV1998)

Special Housing Unit ("SHU") in a two-man cell.  He contends two of his former cellmates tested positive for COVID-19, but were asymptomatic.  Plaintiff states there is no fresh air in the SHU and all of the ventilation is from re-circulated air making him more vulnerable to the airborne virus.  He contends these conditions violate his Eighth Amendment rights.  Plaintiff seeks monetary damages.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555.  Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."

(4:20CV1998)

*Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

As an initial matter, Plaintiff has asserted these same claims in two prior Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in which he sought release from prison as a remedy for the threat of COVID-19. *See Cochran v. Williams*, No. 4:20CV1943 (N.D. Ohio filed Aug. 31, 2020) (Oliver, J.); *Cochran v. Williams*, No. 4:20CV1975 (N.D. Ohio filed Sept. 2, 2020) (Barker, J.). Plaintiff has also been identified as a potential "class" member in a case before U.S. District Judge James S. Gwin in which inmates sought release based on the spread of COVID-19 in FCI Elkton. *See Wilson v. Williams*, No. 4:20CV0794 (N.D. Ohio filed Apr. 13, 2020).[3] The COVID-19 situation inside FCI Elkton is closely monitored by the Court in that case through daily status updates by the Government. Plaintiff has also filed numerous Motions for Compassionate Release in his criminal case in the Northern District of Indiana. *See United States v. Cochran*, No. 2:06-cr-00114 JTM-JEM (N.D. Ind. filed July 20, 2006). U.S. District Judge James T. Moody of the Northern District of Indiana has denied compassionate release to

---

[3] In addition, Plaintiff filed a Petition for a Writ of Mandamus in the Court of Appeals for the Sixth Circuit, which remains pending. *In re: Larry Cochran*, No. 20-4180 (6th Cir. filed Nov. 4, 2020). *See* Appeal Remark (ECF No. 11). A copy of the petition was not mailed by Plaintiff to the undersigned. Plaintiff has also not timely paid the filing fee for the petition or sought a waiver of the $500 fee by filing in the Sixth Circuit a motion for pauper status with a completed financial affidavit.

(4:20CV1998)

Plaintiff. *See* ECF No. 645 in No. 2:06-cr-00114 JTM-JEM. Subsequently, Plaintiff filed the claims in the within civil rights action seeking monetary damages from FCI Elkton.

Plaintiff, however, cannot bring a *Bivens* action against a federal prison. *Bivens* provides a limited cause of action against individual federal officers alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). It does not support an action against the United States government or any of its agencies, including the Bureau of Prisons and any of the federal prisons under its control. *Id.*; *see FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's Motions for the Court to Waive/Excuse His Exhaustion of Administrative Remedies (ECF No. 3) and to Consolidate (ECF No. 6) are denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk of this Court shall inform the Clerk of the United States Court of Appeals for the Sixth Circuit of the within determination.

IT IS SO ORDERED.

  December 28, 2020                       */s/ Benita Y. Pearson*
Date                                                  Benita Y. Pearson
                                                            United States District Judge

4